

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL E. LAVIN, ) | |
| ) | |
| Plaintiff, ) | No. 01 C 8836 |
| ) | |
| v. ) | Magistrate Judge Maria Valdez |
| ) | |
| LARRY G. MASSANARI, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

On April 8, 2002, the parties consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). This case now comes before this Court on Plaintiff's, Michael E. Lavin ("Claimant"), motion to reverse and/or remand the final decision of the Commissioner of Social Security ("Commissioner") [doc. no. 23] and the Defendant's[1] cross-motion for summary judgment [doc. no. 24].

Claimant's quest for social security income ("SSI") disability benefits has been a long one and as a result of an incomplete appellate record will continue on longer. For the reasons captured below, this Court DENIES without prejudice both motions for lack of jurisdiction and remands this case to the Commissioner to review the administrative record for completeness.

---

[1] Through the course of Claimant's appeals, Jo Anne Barnhart resigned her post as Commissioner and the Acting Commissioner of Social Security, Larry G. Massanari, has been substituted as the named defendant in this matter. *See* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.")

## BACKGROUND

Claimant filed an application for SSI disability benefits on April 22, 1999, alleging disability due to blindness in his right eye, back pain, sinus infections, headaches, and a decreased ability to concentrate. (R. at 88-119.) The Social Security Administration ("SSA") initially denied the application on September 30, 1999, (R. at 58-61) and again denied it at the reconsideration level on January 31, 2000 (R. at 63-65). Thereafter, Claimant filed a timely request for an administrative hearing (R. at 66) and on September 15, 2000, a hearing was held and testimony was taken before the ALJ (R. at 28-55, 77-80).

On November 22, 2000, the ALJ rendered a decision that Claimant was not disabled under the final step of the standard five-step sequential evaluation, see 20 C.F.R. § 416.920(a)(4), and thereby found him not disabled within the meaning of the Social Security Act ("the Act."). (R. at 12-25.) Upon a timely request for review (R. at 10-11), the Appeals Council denied Claimant's reconsideration request on September 22, 2001, and the ALJ decision of November 22, 2000, thereby became the final determination of the Commissioner (R. at 5-6).

On November 15, 2001, pursuant to 42 U.S.C. § 405(g) (as incorporated by 42 U.S.C. § 1383(c)(3)), Claimant timely filed for judicial review before this district court [doc. no. 1]. Upon a joint motion of the parties (R. at 318-19), the Court remanded the case for further administrative proceedings, including an update of the medical record (R. at 317). Consistent with the remand, the Appeals Council then vacated the Commissioner's final decision and remanded the case to the ALJ for further proceedings, including for the consideration of whether a psychological examination was needed. (R. at 320-21.) On March 14, 2003, a consultative psychologist performed an mental health evaluation of Claimant. (R. at 351-59.) With that

addition, the ALJ convened a second hearing on July 30, 2003, where additional testimony was taken. (R. at 392-408.) Then on March 4, 2004, the ALJ rendered a second decision again finding that Claimant was not disabled under the Act. (R. at 253-63.)

However, the Commissioner contends, and which Claimant does not dispute, that "[t]he ALJ's [March 4, 2004,] decision became the final Agency decision when the Appeals Council denied Plaintiff's request for review." (Pl.'s Mem. Supp. 2.) Thorough review of the certified record – in particular the supplemental record submitted on October 14, 2004 – bears out neither Claimant's timely request for review nor the Appeal Council's adoption, in any form, of the ALJ's March 2004 decision.

## ANALYSIS

The Act, under § 405, provides for judicial review *after* the SSA has issued a final decision. 42 U.S.C. § 405(g); *see also Bowen v. City of N.Y.*, 476 U.S. 467, 482 (1986) (noting only a claimant who proceeds through the entire administrative appeals process receives a final decision); *Stengel v. Callahan*, 983 F. Supp. 1154, 1158 (N.D. Ill. 1997) ("Section 405 requires claimants to obtain a final decision from the Commissioner prior to filing suit in court."). Interpreting Supreme Court decisions, the Seventh Circuit, sitting en banc, has noted that this final decision requirement consists of two elements: (1) the claimant must file a claim with the Commissioner; and (2) the claimant must exhaust his administrative remedies. *Johnson v. Sullivan*, 922 F.2d 346, 352 (7th Cir. 1991) (en banc).

The first element, which is not in question here, is jurisdictional and not within the power of the Commissioner to waive. *Johnson*, 922 F.2d at 354 (citing *Weinberger v. Salfi*, 422 U.S. 749 (1975)); *Stengel*, 983 F. Supp. at 1159 (citing *Mathews v. Eldridge*, 424 U.S. 319, 328

3

(1976)). The second of the two elements, however, is within the discretion of either a court or the Commissioner to waive as it is not jurisdictional in nature. *Marcus v. Sullivan*, 926 F.2d 604, 613 (7th Cir. 1991) (citing *Salfi*, 422 U.S. at 749) (noting court waiver); *Johnson*, 922 F.2d at 354 (citing *City of N.Y.*, 476 U.S. at 483) (noting Commissioner or court waiver). As the Commissioner's filing is silent on his position regarding waiver of the second element, i.e., the exhaustion prong, in the instant matter, this Court will undertake the review.

The Seventh Circuit instructs that "[w]aiver of the exhaustion requirement is appropriate *only* where (1) [a claimant's] suit involves a collateral attack rather than one on the merits, *and* (2) [a claimant's] interest in prompt judicial review is so compelling that deference to the agency's determination is inappropriate." *Johnson*, 922 F.2d at 352-53 (emphasis added) (citing *City of N.Y.*, 476 U.S. at 483). This Court's waiver analysis, however, ends where it begins. A request for review of a denial of benefits, such as here, is by its nature a claim on the merits and, as defined, not eligible for a court-granted waiver. *Johnson*, 922 F.2d at 353 (defining a collateral attack as a challenge other than those on the merits of a case); *Stengel*, 983 F. Supp. at 1159 ("A plaintiff's claim is 'collateral' if it is not essentially a claim for benefits, that is, the claim is not merely challenging the merits of the Commissioner's determination.").

Moreover, parties' agreement is insufficient to confer jurisdiction upon a federal court. *See, e.g.,. Dixon v. Chater*, 954 F. Supp. 58, 62 (E.D.N.Y. 1997) ("[T]he [Commissioner] cannot, by consent or otherwise, create subject matter jurisdiction to review a decision that is not a final decision made after a hearing within the meaning of section 405(g)."). More importantly, lack of jurisdiction cannot be ignored by a court. *Foster v. Center Tp. of LaPorte County*, 798 F.2d 237, 241 (7th Cir. 1986) (noting courts are obligated to consider questions of jurisdiction whether

parties raise them or not).

## CONCLUSION

Defendant's proffer, and Plaintiff's acquiescence, that the Commissioner has issued a final determination in this matter is an insufficient basis to confer subject matter jurisdiction on this Court. Review of the available record reveals that on October 2, 2002, the Appeals Council vacated the final determination of the Commissioner. (R. at 320.) There is no indication in the available supplemental record that the Appeals Council finalized a second final determination any time after the ALJ issued her second opinion on March 4, 2004. As this case is not ripe for judicial review, this Court DENIES without prejudice both motions [doc. nos. 23 & 24] for lack of jurisdiction and REMANDS this case to the Commissioner to complete the administrative record, if applicable, pursuant to his duty under the third sentence of 42 U.S.C. § 405(g). Claimant is free to re-file his motion and as part of the Commissioner's answer, the Commissioner is ordered to file a complete supplemental record including his final decision, if any.

**SO ORDERED.**  **ENTERED:**

Dated: JUL 12 2006

HON. MARIA VALDEZ
United States Magistrate Judge